UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE D. COOK,

     Plaintiff,

v.                                                    CASE NO: 8:04-cv-1116-T-23MAP

DANAN SMITH, et al.,

     Defendants.

_____/

**ORDER**

The complaint (Doc. 1) asserts that the plaintiff suffered injuries while a

passenger on a boat manufactured by Wellcraft Marine Corporation ("Wellcraft") and

Genmar Holdings, Inc., ("Genmar").  Count three asserts a strict liability claim for

"manufacture of an unreasonably dangerous product," and counts four, five and six

assert negligence claims for "design defect," "manufacturing defect," and "failure to

warn."[1]  Wellcraft and Genmar move to dismiss (Doc. 16) and argue that the complaint

fails to state a claim for products liability because the complaint fails to allege a defect.

The complaint states that "the boat seat upon which Cook was sitting was unattached to

the boat, and the boat seat flew upwards in the air . . . causing grievous injury to Cook."

The complaint further asserts that the condition of the boat seat was "unreasonably

dangerous." Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999) ("Florida

adopted the strict products liability standard of the Restatement (Second) of Torts §

_____

[1]The complaint directs counts three, four, five, and six against both Wellcraft
and Genmar.  Count one asserts "negligent operation" against Danan Smith and
count two asserts "negligent entrustment" against Nedra Rooney.

402A . . .. Under this standard, the manufacturer of a defective product can be held

liable if the manufacturer made the product in question, if the product has a defect that

renders it unreasonably dangerous, and if the unreasonably dangerous condition is the

proximate cause of the plaintiff's injury."). The complaint sufficiently alleges a defect and

satisfies the pleading requirement of Rule 12(b)(6), Federal Rules of Civil Procedure.

Conley v. Gibson, 355 U.S. 41, 47 (1957) ("the [Federal Rules of Civil Procedure]

require . . . 'a short and plain statement of the claim' that will give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests."). Accordingly,

the motion to dismiss (Doc. 16) for failure to state a claim is **DENIED**.

The plaintiff's unopposed motion (Doc. 33) to amend the complaint is **GRANTED**.

The Clerk is directed to file the "first amended complaint" attached to the motion to

amend (Doc. 33) as of the date of this order. Wellcraft and Genmar move (Doc. 16) to

dismiss for lack of federal jurisdiction and argues that no diversity exists. The plaintiff's

amended complaint properly asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the motion (Doc. 16) to dismiss for lack of jurisdiction is **DENIED**.

Pursuant to Rule 4(e)(1), Federal Rules of Civil Procedure, and Section 49.012,

Florida Statutes, the plaintiff moves (Doc. 10) for leave to execute service of process by

publication and submits an affidavit of due diligence in support of the motion. Gans v.

Heathgate-Sunflower Homeowners Ass'n, Inc., 593 So.2d 549, (Fla. 4th DCA 1992)

(when seeking service by publication, an honest and conscientious effort must be made

to acquire information necessary to fully comply with controlling statutes). The motion

(Doc. 10) to execute service of process by publication is **GRANTED**. In addition to the

newspapers named in the motion, the plaintiff will publish a Notice of Action once a

week for four consecutive weeks in the Las Vegas Review-Journal.  Pursuant to Rule 4,

Federal Rules of Civil Procedure, the Clerk is directed to issue the "Notice by

Publication" attached to the motion (Doc. 10).

ORDERED in Tampa, Florida, on June 3, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE