UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE D. COOK,

        Plaintiff,

v.                                        CASE NO.: 8:04-CV-1116-T-23MAP

DANAN SMITH, a/k/a DANAN
JONES, NEDRA RONEY,
WELLCRAFT MARINE CORP.,
and GENMAR HOLDINGS INC.,

        Defendants.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiff's Motion to Bar Untimely Noticed Depositions (doc. 108) and Defendants' response thereto (doc. 118). Plaintiff moves to strike the depositions of two individuals, Bruce T. Adornato and Andrew M. O'Brien, because the notices were filed by Defendants after the expiration of the December 31, 2005 discovery deadline[1]. It appears from their response that Defendants wish to take video depositions for trial of these two witnesses rather than have them appear in person at trial. To this end, Defendants argue that an earlier trial deposition would have been fruitless, since it would have been incomplete due to Plaintiff's late production of new medical records. However, Defendants make no contention that the recently produced medical records necessitate the videotaped trial deposition. Rather, they contend that it would be more convenient for all the parties to present the testimony of the witnesses by video deposition instead of live testimony at trial.

---

[1] Dr. Bruce Adornato performed an independent medical examination of Plaintiff and Andrew O'Brien performed an independent vocational assessment of Plaintiff.

It is not erroneous to treat *de bene esse* as subject to the discovery deadline. *Chrysler Intl. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002). "Parties who delay in taking a needed deposition and who assume that a district could will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date." *Id.* Upon consideration, I find that Defendants delay in taking these depositions and Defendants' desire to present videotaped testimony rather than live testimony is not compelling. This case is currently scheduled for the March 6, 2006 trial term. Furthermore, whether new medical records were produced one day prior to the discovery deadline is irrelevant considering Defendants' apparent purpose to take the videotape deposition is to alleviate the need for these individuals to testify in person at trial. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Bar Untimely Noticed Depositions (doc. 108) is **GRANTED**.

DONE and ORDERED in chambers at Tampa, Florida on this 9th day of February, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record